**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MICHAEL MCNEIL,

Plaintiff,

v.

WILLIAM GITTERE, *et al.*,

Defendants.

Case No. 3:24-CV-00188-MMD-CLB

**ORDER STRIKING
PLAINTIFF'S LETTERS**

[ECF Nos. 37, 38]

Before the Court are two letters submitted by Plaintiff Michael McNeil ("McNeil"). (ECF Nos. 37, 38.) Both of McNeil's letters are improper and, for the reasons discussed below, the Court orders them stricken from the record.

McNeil's first letter, (ECF No. 37), is addressed to the Clerk of Court and asks whether he is supposed to use a Virginia or Nevada financial certificate since he is housed in Virginia as part of an interstate compact. (*Id.*) It appears McNeil is contemplating filing a new case and is confused about which *in forma pauperis* application to use. If McNeil intends to file a case in this District, he must use this District's approved form. It should be noted that if McNeil is filing a new case due to alleged violations occurring in the Virginia prison, he must file that case in the appropriate Virginia court. This Court does not have jurisdiction to hear cases alleging wrongdoing by Virginia prison staff.

McNeil's second letter, (ECF No. 38), requests a status check because McNeil "has attempted to meet and confer with the new AG since defendants didn't wish to use the 'failure to exhaust' defense." (*Id.*) There are several problems with this filing. First, it is unclear for what purpose McNeil wants to meet and confer since discovery in this case closed nearly three weeks ago. (*See* ECF No. 29.) Second, it is unclear what McNeil is confused about. Defendants notified McNeil and the Court nearly five months ago that they were not going to assert an exhaustion defense. (ECF No. 27.) McNeil does not

explain why he is attempting to meet and confer about an issue that was resolved so long ago. Third, McNeil has been told more than once that if he wishes to meet and confer with defense counsel he must contact them directly, not file a letter or notice with the Court. (ECF Nos. 31, 35.) It is not the Court's responsibility to setup meetings between the parties. Finally, the Court does not provide status updates to litigants. If McNeil is unsure about where he is in the litigation process, he needs to review the scheduling order just as any other litigant would. (*See* ECF No. 29.)

Because both of McNeil's letters, (ECF Nos. 37, 38), are improper, violate the Court's General Order No. 2021-05, and violate previous orders issued in this case, the Court hereby **STRIKES** them from the record.

The Court understands that McNeil is proceeding pro se and it may be difficult to understand the process of litigation. However, McNeil is advised that all litigants, whether appearing *pro se* or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's standing orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (noting "*pro se* litigants are not excused from following court rules"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). McNeil is cautioned that the Court may strike any additional motion he files that fails to comply with these basic requirements and the Court will consider imposing sanctions.

**IT IS SO ORDERED**.

**DATED**: March 9, 2026     .

_____
**UNITED STATES MAGISTRATE JUDGE**

2